UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO. 2:19-CV-338-FtM-38NPM

DAVID POSCHMANN,

        Plaintiff,

v.

FIRST CENTRAL INVESTMENT CORP.

        Defendant.
_____/

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, David Poschmann, by and through his undersigned counsel, pursuant to Rule 56 of the Federal Rules of Civil Procedure, files his Motion for Summary Judgment and Incorporated Memorandum of Law ("Motion") and in support thereof states:

## I. BACKGROUND/ADA FRAMEWORK

This is an action for injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"). Plaintiff is disabled as that term is defined by the ADA in that his right leg has been amputated above the knee. Declaration of Plaintiff, David Poschmann in Support of Plaintiff's Motion for Summary Judgment attached hereto as Exhibit "A" ("Poschmann Decl."), ¶ 2. Plaintiff is also a "tester", in accordance with *Houston v. Marod Supermarkets, Inc.*, 733. F.3d 1323 (11th Cir. 2013). Poschmann Decl. ¶ 3. Plaintiff seeks an injunction compelling Defendant, the owner and operator of the beachfront hotel, Edison Beach House, in Fort Myers, Florida ("Hotel") (DE 10, page 1, ¶ 4), to modify its policies, practices or procedures so that the online reservations service ("Reservations Service" or "Website") for the Hotel, namely www.edisonbeachhouse.com, is compliant with the

requirements of the ADA, specifically the requirements set forth in 28 CFR § 36.302(e)(1)

"Modifications in Policies, Practices, or Procedures".[1]

To effectuate its purpose, the ADA forbids discrimination against disabled individuals in major areas of public life, among them employment (Title I of the Act), public services (Title II), and public accommodations (Title III). The provisions of Title III are at issue in this case. Title III of the ADA provides that:

> "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), operates a place of public accommodation." 42 U.S.C. § 12182(a).

The term "public accommodation" includes: "an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor." 42 USC § 12181(7)(A). The exception is not relevant to this matter. Discrimination includes:

> "A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations." 42 U.S.C. § 12182 (b)(2)(A)(ii)."

---

[1] This matter does not seek remediation of architectural barriers, nor does it pertain to the accessibility of the Website (a claim usually brought by blind or deaf plaintiffs). This matter deals with the substantive policies, practices or procedures that a reservations service (relating to reservations made by "any means") used by a hotel (or other place of lodging) must comply with pursuant to 28 CFR § 36.302(e)(1), "Reservations Made by Places of Lodging" as discussed below. These requirements relate to disclosing details about the accessible and inaccessible features of the Hotel and guest rooms, how the disabled must be permitted to make reservations for accessible guest rooms, how the Hotel must make accessible guest rooms available to be reserved, and the procedures it must follow once the accessible guest room is reserved.

Specifically relevant to this action, 28 CFR § 36.302(e)(1) sets forth the requirements for Defendant's Reservations Service:[2]

> "**28 C.F.R. § 36.302 Modifications in Policies, Practices, or Procedures…**
>
> **(e)(1)** *Reservations made by places of lodging.* A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -
>
> **(i)** Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
>
> **(ii)** Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
>
> **(iii)** Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
>
> **(iv)** Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and
>
> **(v)** Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others."

The United States Department of Justice, in 28 CFR Appendix A to Part 36, Guidance on Revisions to ADA Regulation on Nondiscrimination on the Basis of Disability by Public Accommodations and Commercial Facilities, provided a section-by-section analysis of 28 CFR § 36.302(e)(1) ("DOJ Guidance").[3] In its analysis and guidance, the Department of Justice explains:

---

[2] 28 CFR § 36.302(e)(1) became effective on March 15, 2012 as part of the 2010 amendments to the ADA.

[3] An agency's interpretation of its own regulations, such as the Department of Justice's interpretation of 28 C.F.R. §36.302(e)(1), must be given "substantial deference" and "controlling weight" unless it is "plainly erroneous or inconsistent with the regulation." *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994).

> "Each year the Department receives many complaints concerning failed reservations. Most of these complaints involve individuals who have reserved an accessible hotel room only to discover upon arrival that the room they reserved is either not available or not accessible…In many cases individuals with disabilities expressed frustration because, while they are aware of improvements in architectural access brought about as a result of the ADA, they are unable to take advantage of these improvements because of shortcomings in current hotel reservations systems. A number of these commenters pointed out that it can be difficult or impossible to obtain information about accessible rooms and hotel features and that even when information is provided it often is found to be incorrect upon arrival. They also noted difficulty reserving accessible rooms and the inability to guarantee or otherwise ensure that the appropriate accessible room is available when the guest arrives. The ability to obtain information about accessible guest rooms, to make reservations for accessible guest rooms in the same manner as other guests, and to be assured of an accessible room upon arrival was of critical importance to these commenters."

The DOJ Guidance further stresses that it is vital that hotels specifically identify and describe the accessible features of the hotel, and the guest rooms, on its reservations service:

> "As a practical matter, a public accommodation's designation of a guest room as 'accessible' will not ensure necessarily that the room complies with all of the 1991 Standards…Further, hotel rooms that are in full compliance with current standards may differ, and individuals with disabilities must be able to ascertain which features - in new and existing facilities - are included in the hotel's accessible guest rooms. For example, under certain circumstances, an accessible hotel bathroom may meet accessibility requirements with either a bathtub or a roll-in shower. The presence or absence of particular accessible features such as these may be the difference between a room that is usable by a particular person with a disability and one that is not."

As to hotels like Defendant's Hotel (which it describes on its website as the "Historic Edison Beach House"), that were built prior to the enactment of the ADA, the DOJ further states:

> "For older hotels with limited accessibility features, information about the hotel should include, at a minimum, information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms. In addition to the room information described above, these hotels should provide information about important features that do not comply with the 1991 Standards…Reservations services for these entities should include this information and provide a way for guests to contact the appropriate hotel employee for additional information." [4]

---

[4] The ADA Standards' requirements for accessible hotel guest rooms are comprehensive; the issues include: entry doors, connecting room doors and interior doors into and within all guest rooms allowing 32" clear passage (ADA Std. 9.4); bathroom doors in all guest rooms allowing 32" of clear passage (ADA Std. 9.4); do all entry doors allow at least 32" of clear passage width (ADA Stds. 9.2.2(3), 4.13.5); on the pull side of each

4

## II. <u>THE SUMMARY JUDGMENT STANDARD</u>

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant." *Ellis* v. *England*, 432 F.3d 1321, 1325-26 (11th Cir. 2005). "For factual issues to be considered genuine, they must have a real basis in the record." *Id.* at 1326 (internal citation omitted). "For instance, mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Id.*

---

door is there at least 18" of clear floor space on the latch side to approach and pull open (ADA Stds. 9.2.2(3); 4.13.6); is the security latch or bolt on the hall door mounted no higher than 48" above the floor so it is within the reach of persons who use wheelchairs (ADA Stds. 9.2.2(3); 4.13.9); in accessible guest rooms with one bed, is there at least a 36" wide route on each side of the bed to allow persons who use wheelchairs to transfer onto the bed from either side? (ADA Stds. 9.2.2(1)); in accessible guest rooms with two beds next to one another, is there a minimum of 36" between the two beds to allow persons who use wheelchairs to transfer onto either bed? (ADA Stds. 9.2.2(1)); is there clear passage at the foot of each bed that is at least 36" wide so that persons who use wheelchairs can approach and use the accessible features throughout the room? (ADA Stds. 9.2.2(2)); are all drapery control wands, fixed lamps and HVAC controls in accessible guest rooms placed within 54" of the floor for side approach or 48" of the floor for forward approach so persons who use wheelchairs can approach and use the controls? (ADA Stds. 9.2.2(5); 4.27.3); are the rod and shelf in the clothes closet or wall mounted unit within 54" of the floor for side approach or 48" of the floor for forward approach so persons who use wheelchairs can approach and use the rod and shelf? (ADA Stds. 9.2.2(4); 4.25.3); do bathroom doors in accessible guest rooms allow at least 32" of clear passage width to accommodate persons who use wheelchairs, walkers and other mobility aids? (ADA Stds. 9.2.2(3); 4.13.5); is the accessible toilet in each accessible guest room bathroom centered 18" from the adjacent side wall (ADA Stds. 9.2.2(6)(e); 4.23.4; 4.16.2); does the toilet in each accessible guest room bathroom have a horizontal grab bar along the adjacent side wall that is at least 42" long and mounted 33"-36" above the floor for stabilization and assistance during transfer from a wheelchair? (ADA Stds. 9.2.2(6)(e); 4.23.4; 4.16.2); does the accessible toilet in each accessible guest room bathroom have a horizontal grab bar along the wall behind the toilet that is at least 36" long and mounted 33"-36" above the floor for stabilization and assistance during transfer from a wheelchair? (ADA Stds. 9.2.2(6)(e); 4.23.4; 4.16.2); is the toilet seat in each accessible toilet room between 17"-19" above the floor? (ADA Stds. 4.16.3); is the lavatory (wash basin) in each accessible guest room bathroom no more than 34" high with at least 29" high clearance under the front edge to allow persons who use wheelchairs to pull under the lavatory and use the faucet hardware? (ADA Stds. 9.2.2(6) (e); 4.23.6; 4.19.2); is there clear floor space in each accessible guest room bathroom where persons who use wheelchairs can turn around - either a 60" diameter circle or a "T"-turn area (ADA Stds. 9.2.2(6)(e)); is there adequate room for a person who uses a wheelchair to approach the bathroom door in each accessible guest room bathroom from the pull side and pull it open without it hitting the wheelchair? (requiring at least 18" of wall space on the latch side of the door.) (ADA Stds.9.2.2(3); 4.13.6). This list omits the many additional requirements imposed by the Standards for tubs and showers.

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party "may not rely merely on allegations or denials in its own pleading," but instead must come forward with "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587. The moving party is entitled to summary judgment when the non-moving party fails to make a sufficient showing of an essential element of the case on which the non-moving party has the burden of proof. *Celotex Corp.,* 477 U.S. at 322, 106 S.Ct. 2548; *Everett v. Napper,* 833 F.2d 1507, 1510 (11th Cir.1987). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby, 911 F.2d 1573*, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-250 (1986).

### III. <u>PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT</u>

**(a)** <u>**If Defendant violated 28 CFR § 36.302(e)(1) Plaintiff is entitled to summary judgment**</u>

In a similar action brought by Plaintiff against a hotel operator whose website also failed to comply with 28 CFR § 36.302(e)(1), the Court analyzed the regulation, and the claim at issue, in *Poschmann v. Coral Reef of Key Biscayne Developers, Inc.*, 2018 WL 3387679, 2018 U.S. Dist. LEXIS 87457, Case No. 17-CV-14363-MIDDLEBROOKS (S.D. Fla. May 23, 2018, DE 30) in its Order Granting in Part Plaintiff's Motion for Summary Judgment as well as in DE 18, its Order Denying Defendant's Motion to Dismiss.

In *Poschmann v. Coral Reef of Key Biscayne Developers, Inc.* (DE 30 at *6) the Court, in granting Plaintiff partial summary judgment on similar facts, set forth the applicable analysis:[5]

> "Plaintiff attests, and Defendant does not dispute, that Plaintiff has a disability within the meaning of the ADA and is a 'tester' and possible patron of the Hotel. It is undisputed that Defendant is the owner and operator of the Hotel, a 'place of lodging' under the ADA, and the Website, through which Plaintiff attempted, but was unable to, make a reservation for an accessible room at the Hotel. Defendant also does not dispute that Plaintiff intends to return to the Website within thirty days to determine whether the Hotel is accessible to him, and, if so, to reserve a room at the Hotel or to test the Hotel's Website reservation system for its compliance with the ADA.
>
> In light of these undisputed material facts, Plaintiff has demonstrated that if Defendant's Website is non-compliant with § 36.302(e)(1), Plaintiff has suffered an injury-in-fact that can be redressed by injunctive relief requiring Defendant to modify its room reservation system to be in compliance with ADA regulations. *See Shotz* v. *Cates,* 256 F.3d 1077, 1081 (11th Cir. 2001) (describing standing requirements for injunctive relief under ADA). (Citations to record omitted)."

**(b)     There is no genuine dispute that Defendant violated 28 CFR § 36.302(e)(1)**

Exhibit 1 to the Poschmann Declaration is a printout from the relevant part of the Reservations Service, located at www.edisonbeachhouse.com, namely the contents of the tab entitled "Edison Beach House Accommodations", for the Hotel that Defendant operates. Poschmann Decl. ¶ 8.[6]

It is undisputed that Defendant's Reservations Service provides no information at all about the accessible or inaccessible features of the Hotel's common areas or guest rooms, Poschmann Decl. ¶ 6, which is a violation of 28 CFR § 36.302(e)(1)(ii). It is also undisputed that

---

[5] In *Poschmann v. Coral Reef of Key Biscayne Developers, Inc.*, the defendant defended, in part, by arguing that a potential hotel guest can reserve an accessible room by calling the hotel or making a special request on that hotel's website. Although these arguments failed, Defendant does not appear to be asserting any such arguments here. Defendant's only affirmative defense is that Plaintiff has failed to set forth sufficient allegations to show that he has standing. Although Defendant does not specify the allegations it believes are lacking, the arguments below, combined with the Poschmann Declaration, establish that Plaintiff has standing for his claim.

[6] Defendant acknowledges in its Answer that it is the owner and operator of the Hotel. DE 10, page 1, ¶ 4.

7

it is not possible to reserve an accessible room from the Reservations Service, although it is possible to reserve an inaccessible room from the Reservations Service, Poschmann Decl. ¶ 5, which is a violation of 28 CFR § 36.302(e)(1)(i).

The Reservations Service violates 28 C.F.R. §36.302(e)(1)(ii) as to common areas of the Hotel.[7] The DOJ Guidance, also cited above, states: "For older hotels with limited accessibility features, information about the hotel should include, at a minimum, information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms. In addition to the room information described above, these hotels should provide information about important features that do not comply with the 1991 Standards…Reservations services for these entities should include this information and provide a way for guests to contact the appropriate hotel employee for additional information."

In violation of the foregoing, the Website does not identify or describe *any* accessible, or inaccessible, features of the common areas of the Hotel, in *any* detail, no less "enough detail to reasonably permit" a person with a disability to assess if it meets his or her accessibility needs.[8]

As with the common areas, the Reservations Service provides no detail at all about any accessible, or inaccessible, features of the guest rooms and *none* of the relevant accessible elements required by the ADA Standards, listed in footnote 5 above, are identified, described, or discussed at all on the Reservations Service.

---

[7] 28 C.F.R. §36.302(e)(1)(ii) requires that the Reservations Service: "Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs."

[8] As stated in *Poschmann v. Coral Reef of Key Biscayne Developers, Inc.* (DE 30 at *9), after citing the above DOJ Guidance, described as "directly on point": "Since it is undisputed that Defendant's Website contains no such information regarding accessibility, Defendant is in violation of § 36.302(e)(1)(ii), and judgment is granted for Plaintiff for injunctive relief on that basis."

In light of the foregoing, Defendant also necessarily violated 28 C.F.R. §36.302(e)(1)(iii)-(v), since the Reservations Service does not describe any accessible guest rooms and does not, in turn, allow the reserving of a properly described accessible guestroom, the Website cannot hold, block and guaranty such accessible rooms.

This Motion, and Plaintiff's claim, pertains only to the online Reservations Service. Although unlikely, it is theoretically possible that one can call the Hotel, locate the right representative of the Hotel, and be apprised of the required accessibility information for the common areas and guest rooms of the Hotel. At this point, it would theoretically also be possible that one could reserve an accessible room (if any exist), which the Hotel may be holding for guests seeking an accessible room and which the Hotel may then remove from inventory and guaranty for the guest, however Plaintiff's Motion deals only with the Website, which contains none of the information required by a disabled person to even consider whether he or she can use the Hotel, and no ability to reserve an accessible room from the Website, thereby eliminating any possibility that the Website is holding, blocking and guaranteeing such rooms (that a disabled person would have no way of reserving online) as required by 28 C.F.R. §36.302(e)(1)(iii)-(v). As the DOJ Guidance states:

> "Other commenters, primarily hotels, resort developers, travel agencies, and organizations commenting on their behalf, did not oppose the general rule on reservations, but recommended that the language requiring that reservations be made 'in the same manner' be changed to require that reservations be made 'in a substantially similar manner.' These commenters argued that hotel reservations are made in many different ways and through a variety of systems. In general, they argued that current reservations database systems may not contain sufficient information to permit guests, travel agents, or other third-party reservations services to select the most appropriate room without consulting directly with the hotel, and that updating these systems might be expensive and time consuming…
>
> The Department is not persuaded that individuals who need to reserve accessible rooms cannot be served in the same manner as those who do not, and it appears that there are hotels of all types and sizes that already meet this requirement. Further, the Department

9

has been able to accomplish this goal in settlement agreements resolving complaints about this issue. As stated in the preamble to the NPRM, basic nondiscrimination principles mandate that individuals with disabilities should be able to reserve hotel rooms with the same efficiency, immediacy, and convenience as those who do not need accessible guest rooms. The regulation does not require reservations services to create new methods for reserving hotel rooms or available timeshare units; instead, covered entities must make the modifications needed to ensure that individuals who need accessible rooms are able to reserve them in the same manner as other guests. If, for example, hotel reservations are not final until all hotel guests have been contacted by the hotel to discuss the guest's needs, a hotel may follow the same process when reserving accessible rooms. Therefore, the Department declines to change this language, which has been moved to § 36.302(e)(1)(i)."[9]

## IV. **CONCLUSION**

Plaintiff is a person with a disability under the ADA. Defendant operates a place of public accommodation, the Hotel, for which reservations may be made online. 28 CFR § 36.302(e)(1) requires, "with respect to reservations made by any means", five categories of policies, practices or procedures that Defendant has failed to provide. Plaintiff, a disabled person who is a tester (and a potential patron of the Hotel), has standing to pursue this action to obtain injunctive relief requiring Defendant to implement and maintain the policies, practices or procedures required by 28 CFR § 36.302(e)(1), which, based on the plain language of the regulation, as well as the DOJ Guidance, Plaintiff's Declaration establishes Defendant has failed to do.

For the reasons set forth above, Plaintiff respectfully requests that the Court grant summary judgment in his favor against Defendant as there is no genuine dispute as to any material fact and he is entitled to judgment as a matter of law.

---

[9] Even if Defendant claims that it offers this service by telephone (as the defendant in *Poschmann v. Coral Reef of Key Biscayne Developers, Inc.* claimed), or by e-mail, requiring a disabled person to call or send an e-mail to the Hotel to obtain the required information that should be on the Reservations Service (information that is necessary to determine whether the Hotel is useable by the disabled person), this would not satisfy even the more lenient "substantially similar" standard that was rejected by the Department of Justice in implementing the regulation.

WHEREFORE, Plaintiff requests that summary judgment be entered in his favor and that the Court order Defendant to, within thirty days, implement, and to continuously maintain and enforce, the policies, practices or procedures required by 28 CFR § 36.302(e)(1) for its Hotel as discussed in section I above and award Plaintiff attorneys' fees, litigation expenses and costs pursuant to 42 U.S.C. §12205 in an amount to be determined as further directed by the Court.

s/Drew M. Levitt
DREW M. LEVITT, ESQ.
Florida Bar No. 782246
DML2@bellsouth.net
LEE D. SARKIN, ESQ.
Florida Bar No. 962848
Lsarkin@aol.com
4700 N.W. Boca Raton Boulevard
Suite 302
Boca Raton, Florida 33431
Telephone (561) 994-6922
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2019 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the forgoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically, Notices of Electronic Filing.

s/Drew M. Levitt
DREW M. LEVITT, ESQ.

## SERVICE LIST

Clayton W. Crevasse, Esq.
ccrevasse@ralaw.com/service.ccrevasse@ralaw.com
Roetzel & Andress, LPA
2320 First Street, Suite 1000
Fort Myers, Florida 33901
Telephone (239) 337-3850
Attorneys for Defendant
Via CM/ECF