UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO. 2:19-CV-338-FtM-38NPM

DAVID POSCHMANN,

        Plaintiff,

v.

FIRST CENTRAL INVESTMENT CORP.

        Defendant.
_____/

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A REPLY TO DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, David Poschmann, through counsel, pursuant to M.D. Fla. Local Rule 3.01(c), files his motion for leave to file a reply, not to exceed five pages, to Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment (DE 20), and states:

Defendant responded (DE 20) to Plaintiff's Motion for Summary Judgment (DE 14) by arguing that Plaintiff's Complaint fails to state a cause of action. Defendant offered no evidentiary support for its opposition. Defendant does not dispute Plaintiff's disability, Plaintiff's visits to the website and intent to return to it or that its online hotel reservation system fails to comply with 28 C.F.R. §36.302(e)(1). Instead, Defendant ignores the recent decisions dealing with 28 C.F.R. §36.302(e)(1) which decisions uniformly reject the very arguments made by Defendant, and introduces new law, in the form of decisions relating to ADA physical barrier cases which are inapplicable to this action. Defendant also introduces new law in arguing that the Motion for Summary Judgment is premature due to the lack of an adequate time to complete discovery. This type of "vague assertion" has repeatedly been rejected by the Eleventh Circuit, as recently as July 30, 2019, as justification for deferring ruling on a motion for summary judgment.

## A REPLY WOULD REBUT, IN DETAIL, THE NEW LAW IN THE RESPONSE[1]

> *(i)  Defendant does not address the decisions on point directly rejecting its arguments in the context of 28 C.F.R. §36.302(e)(1), and, instead, introduces off point decisions, all of which deal with physical barriers.*

Defendant's arguments are premised on Plaintiff's failure to allege that the hotel's physical property is non-compliant and Plaintiff's failure to allege that he has been to the hotel or Fort Myers (DE 20, at 1-2). Based upon the foregoing, Defendant argues that Plaintiff has not suffered an injury in fact or a real and immediate threat of future injury.

In *Honeywell v. Harihar, Inc.*, 2018 U.S. Dist. LEXIS 203740, * 5-6, 2018 WL 6304839 (M.D. Fla. December 3, 2018) the Defendant, in a similar action, involving 28 C.F.R. §36.302(e)(1), unsuccessfully made identical standing arguments to those asserted by Defendant. As to past injury, the plaintiff alleged that she visited the website and was unable to determine whether the hotel met her needs due to the failure to describe accessible elements, which the Court found sufficient to establish a past injury, citing recent on point decisions:

> "These allegations are sufficient to demonstrate an injury for purposes of standing. See *Houston v. 7-Eleven, Inc., 2014 U.S. Dist. LEXIS 154636, 2014 WL 5488805, *7 (M.D. Fla. Oct. 30, 2014)* ('A plaintiff can establish injury-in-fact by showing a loss of opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages or accommodations of any entity.' (citing *42 U.S.C. § 12182*)); see also *Poschmann, 2018 U.S. Dist. LEXIS 87457, 2018 WL 3387679, *3* (finding that if hotel website was non-compliant with *section 36.302(e)(1)*, plaintiff suffered an injury-in-fact when he attempted, but was unable to, make a reservation for an accessible room via the website); *Brooke v. A-Ventures, LLC, 2017 U.S. Dist. LEXIS 193259, 2017 WL 5624941, *2 (D. Ariz. Nov. 22, 2017)* ('[T]he essence of plaintiff's claim is that she suffered an injury in fact because she was unable to reserve an ADA-accessible room on defendant's website. Plaintiff has adequately alleged that she has standing to pursue a Title III ADA claim for declaratory and injunctive relief.' ".

---

[1] The Reply would also formally acknowledge that the allegation in ¶ 3 of the Complaint, that Plaintiff is an individual residing in this district, was a scrivener's error. This allegation was taken from the template of a recent similar Complaint, filed by Plaintiff in the Southern District of Florida. The Civil Cover Sheet, DE 1-1, was drafted specifically for this action and accurately states that Plaintiff's county of residence is, as Defendant notes, St. Lucie. Although Defendant characterizes this error as "fraud upon the Court", "absurd" and "curious in the extreme" (DE 20 at 7), it was simply an error. There would be no reason for Plaintiff to misstate his residency since the sole issue in this action is Defendant's non-compliant online hotel reservation system and not the hotel's physical location.

As to future injury, Defendant's arguments are also strikingly similar to those rejected in *Harihar* and in the decisions cited therein:

> "Defendant notes that plaintiff has failed to provide any specific anticipated dates of travel to the Fort Myers area, and does not allege she intends to travel to the motel or when she plans to reserve a room in the future… Defendant's argument misses the mark. Plaintiff's ADA claim is based upon the Palm City Motel's website failing to identify the accessible features of the motel and its rooms, in violation of *28 C.F.R. § 36.302(e)(1)(ii)*. Therefore, the relevant 'future injury' inquiry relates to the motel's website and reservation system, rather than the motel's physical property. See *Poschmann, 2018 U.S. Dist. LEXIS 87457, 2018 WL 3387679, \*3* (finding undisputed fact that plaintiff intended to return to hotel website within thirty days to determine whether hotel was accessible to him, and, if so, to reserve a room or to test the website's reservation system for ADA compliance was sufficient to allege an injury-in-fact redressable by injunctive relief").[2]

### *(ii)  Defendant seeks to delay a substantive decision on Plaintiff's Motion for Summary Judgment based on the type of vague claim, that additional time for discovery is needed, that has been repeatedly rejected by the Eleventh Circuit.*

Defendant claims that Plaintiff's Motion for Summary Judgment is premature since discovery is not complete, however it provides only a vague assertion. The Eleventh Circuit has consistently ruled that such an assertion is inadequate to defer ruling on a motion for summary judgment. Most recently, in *City of Miami Gardens v. Wells Fargo & Co.*, 2019 U.S. App. LEXIS, \*29, 2019 WL 3423228 (11th Cir. July 30, 2019):

> "The preferred vehicle for advising a district court of the need for further discovery is an affidavit or declaration submitted under *Federal Rule of Civil Procedure 56(d)*. That Rule

---

[2] See also *Kennedy v. Sai Ram Hotels, LLC*, 2019 U.S. Dist. LEXIS 80111, \* 5-6, 10 2019 WL 2085011 (M.D. Fla. May 13, 2019): "Count II alleges Sai Ram's online reservation system violated *Section 36.302(e)(1)* because it 'did not identify [the Rodeway Inn's] accessible rooms in sufficient detail...' This allegation is sufficient to establish that Kennedy has sustained an injury-in-fact….*Kennedy v. Floridian Hotel, Inc., No. 1:18-cv-20839-UU, 2018 U.S. Dist. LEXIS 207984, at \*9 (S.D. Fla. Dec. 7, 2018)* ('[T]he Court finds that Plaintiff has shown that she suffered an injury in fact when she encountered the ADA violations on the Website.')… Kennedy's purported motive in visiting the website does not dictate whether she sustained an injury-in-fact. Indeed, a plaintiff's status as a tester does not deprive her of standing. See *Houston, 733 F.3d at 1332*…Indeed, Kennedy's status as a tester plausibly increases the likelihood that she will visit the Rodeway Inn's website again to test its ADA compliance… Sai Ram argues Kennedy failed to allege a threat of future injury because Kennedy 'does not provide any details regarding her plans to travel to Tampa or visit the website for the purpose of making a reservation, other than stating that she will visit the website in the 'near future'. According to Sai Ram, '[a]bsent an allegation of definitive plans to travel to or vacation in the Tampa area, to stay at the [hotel] and to utilize the subject website for the purpose of making a reservation, there is no properly alleged real and immediate threat of future injury to [Kennedy]'… However, where a plaintiff's ADA claim is based upon the [hotel's] website failing to identify the accessible features of the [hotel] and its rooms, in violation of *[Section] 36.302(e)(1)(ii)* . . . the relevant 'future injury' inquiry relates to the [hotel's] website and reservation system, rather than the [hotel's] physical property." See also, *Poschmann v. Beach Tropics Motel, Inc.* Case No. 18-CV-14224-MIDDLEBROOKS ("It is well-established that tester status does not deprive a plaintiff of standing under Title III of the Americans With Disabilities Act. *Houston v. Marod Supermarkets, Inc…*")

Case 2:19-cv-00338-SPC-NPM   Document 22   Filed 08/13/19   Page 4 of 5 PageID 97

provides that '[i]f a nonmovant shows by affidavit or declaration that . . . it cannot present facts essential to justify its opposition' to summary judgment, 'the court may (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.' To invoke this Rule, a party 'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts,' but 'must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.' *Reflectone, 862 F.2d at 843* (citation and internal quotation marks omitted")".

WHEREFORE, Plaintiff requests that his motion be granted, in addition to such other and further relief that the Court deems just and proper.

<div style="text-align: right;">

s/Drew M. Levitt
DREW M. LEVITT, ESQ.
Florida Bar No. 782246
DML2@bellsouth.net
LEE D. SARKIN, ESQ.
Florida Bar No. 962848
Lsarkin@aol.com
4700 N.W. Boca Raton Boulevard
Suite 302
Boca Raton, Florida 33431
Telephone (561) 994-6922
Attorneys for Plaintiff

</div>

4

## **CERTIFICATION OF COUNSEL**

I hereby certify that I conferred with opposing counsel in a good faith effort to resolve the issues raised by the motion and was informed that said counsel opposes the motion.

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2019 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the forgoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically, Notices of Electronic Filing.

                                                  s/Drew M. Levitt
                                                  DREW M. LEVITT, ESQ.

## **SERVICE LIST**

Clayton W. Crevasse, Esq.
ccrevasse@ralaw.com/service.ccrevasse@ralaw.com
Roetzel & Andress, LPA
2320 First Street, Suite 1000
Fort Myers, Florida 33901
Telephone (239) 337-3850
Attorneys for Defendant
Via CM/ECF